IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONOVAN SIMPSON,

    Petitioner,

v.

WANZA JACKSON, WARDEN

    Respondent.

CASE NO. 2:06-cv-127
JUDGE SARGUS
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On April 16, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that all of the claims raised by petitioner in the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed, with the exception of petitioner's allegation in claim five, in which petitioner asserts that his June 2000 statements to police were coerced. The Magistrate Judge directed respondent to file a supplemental response on that claim with transcripts or a copy of the videotapes of petitioner's interviews with police. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. All of the claims raised by petitioner in this §2254 petition, with the exception of his allegation in claim five that his June 2000 statements to police were coerced, are hereby **DISMISSED**.

Petitioner objects solely to the Magistrate Judge's recommendation that claims one, two, five, and nine be dismissed. Petitioner again raises all of the same arguments that were presented. To the extent that petitioner argues that his June 2000 statements to police were coerced, his objections are premature, and will not now be considered by this Court, as the Magistrate Judge has yet to issue a recommendation regarding this claim.

Petitioner objects to the Magistrate Judge's dismissal of claim two on the merits. In claim two, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to object to the re-playing of the his videotaped statement to police, wherein he was depicted "in county blues and hooked up to [a] polygraph machine," even though the trial court had granted petitioner's pre-trial request barring any reference to his refusal to submit to a polygraph examination. *Objections,* at 4. The Court notes that this same allegation was never presented to the state courts. *See* Exhibit 12 to Return of Writ. Arguably, therefore, the issue is procedurally defaulted. *See Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). However, the affirmative defense of procedural default may be waived if not raised, and respondent did not argue that any aspect of petitioner's ineffective assistance of counsel claim was subject to a procedural default. *See Return of Writ; Trest v. Cain,* 522 U.S. 87, 89 (1997); *Gray v. Netherland,* 518 U.S. 152, 166 (1996). Still, the state appellate court, in rejecting petitioner's ineffective assistance of counsel claim, indicated that petitioner's videotaped interview with police had been properly admitted into evidence at trial, and that Ohio permits the replaying of a properly admitted exhibit during jury deliberations. Exhibit 14 to Return of Writ; *see Report and Recommendation*, at 26. The decision of the state appellate court is presumed to be correct. 28 U.S.C. §2254(d), (e). Further, nothing in the record reflects that the state appellate court's decision was unreasonable or incorrect. Further, since the jury had already viewed the videotape during trial, petitioner simply cannot establish prejudice under *Strickland v. Washington,* 466 U.S. 668 (1984), from counsel's failure to object to the jury viewing the videotape a second time.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For all of the foregoing reasons, and

2

for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** All of petitioner's claims, with the exception of his allegation in claim five that his June 2000 statements to police were coerced, are **DISMISSED.**

**IT IS SO ORDERED.**

8-6-2007

EDMUND A. SARGUS, JR.
United States District Judge

3