**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DONOVAN SIMPSON,**

      **Petitioner,**

**v.**

**WANZA JACKSON, Warden,**

      **Respondent.**

**CASE NO. 2:06-cv-127**
**JUDGE SARGUS**
**MAGISTRATE JUDGE ABEL**

## OPINION AND ORDER

On November 2, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's claim that his June 2000 statements to police were coerced be dismissed on the merits and denying petitioner's motion to strike video tapes of his statement to police from the record. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* Petitioner also objects to the Magistrate Judge's denial of his motion to strike. For the reasons that follow, petitioner's objections are **OVERRULED** and this action hereby is **DISMISSED.** Petitioner's request for an evidentiary hearing is **DENIED**.

Petitioner Simpson objects to the Magistrate Judge's denial of his motion to strike his video taped confession from the record. Petitioner complains that prison officials denied him an adequate opportunity to view the video tape in its entirety, and that the administrative assistant to the warden, Mark Stegemoller, lied in his affidavit by stating that petitioner declined to watch the entire video tapes when given the opportunity to do so. *See Objections*, at 2; *Affidavit of Mark Stegemoller, Response to Motion to Strike,* Doc. No. 32. However, petitioner also states that on November 9, 2007, he again was provided an opportunity to view the video tapes. Petitioner's objections

therefore are **OVERRULED**.

Petitioner Simpson objects to all of the Magistrate Judge's recommendations. He again argues that his June 16, 2000, statement to police was unconstitutionally obtained because police minimized the importance of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), threatened him with felony charges, and told him that they would advise the prosecutor that he had cooperated. Petitioner contends that his June 20, 2000, statement to police was unconstitutionally obtained because police told him he faced charges on aggravated murder and life in prison, lied about a witness who had allegedly seen him running from the scene of the crime, and failed to advise him that he had a right to remain silent, and that anything he said could be used against him. *Objections*, at 4. Simpson additionally alleges that police improperly failed to cease questioning him after he requested counsel by stating, in response to discussion regarding the police officer's suggestion that a witness may have seen him leaving the scene of the crime,[1] "I look at it like this, I better get my

---

[1]     WALKER: ... Billy Ray can say you there, its not a big deal. So....
         so whoever would put you at 151 Wheatland....

         SIMPSON: Is lying....

         WALKER: ... at 3:00 in the morning, would be lying. Yea. So,
         that's not a big deal. There's no evidence that can put you there.
         There's no possible witnesses. There's no way that a guy who was
         up getting ready for work, and he was at the kitchen, at the sink,
         rinsing a skillet out, that had fried eggs in it; who just happened to
         see somebody run by....

         SIMPSON: Mmm-hmm

         WALKER: ... no way that could happen, no way. Because you
         were at Shannon Way. So.... don't worry about it.

*Transcript, Vol. XI*, at 243-44.

lawyer, and we can take this to trial. 'Cause I'm already looking at time already. If a man – if a man's washing a skillet out, washing eggs out of a skillet and seen me walk by... I wasn't there...." *Transcript, Vol. XI*, at 250; *Objections*, at 5.

For the reasons detailed by the Ohio Court of Appeals and in the Magistrate Judge's *Report and Recommendation*, petitioner's arguments are not persuasive. At both the June 16, 2000, and June 20, 2000, interviews with police, Simpson signed a *Miranda* rights waiver. *See State v. Simpson*, 2002 WL 1625559 (Ohio App. 10 Dist. July 23, 2002); *Exhibit 14 to Return of Writ*; *Transcript, Volume XII*, at 212, 218; *Volume XI*, at 182.

The United States Supreme Court in Miranda v. Arizona, supra, 384 U.S. at 474, stated in relevant part:

> If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent.

*Id.; see also Edwards v. Arizona,* 451 U.S. 477, 484-485 (1981)(Once the right to counsel is invoked, authorities must cease further interrogation until either counsel has been provided or the accused himself initiates further communication, exchanges or conversation with the police.) However, law enforcement officers are not required to immediately cease questioning when a suspect makes an ambiguous or equivocal reference to an attorney:

> Although a suspect need not "speak with the discrimination of an Oxford don," post, at 2364 (SOUTER, J., concurring in judgment), he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. If the statement fails to meet the requisite level of clarity, *Edwards* does not require that the officers stop questioning the suspect....

> ... [W]hen the officers conducting questioning do not know whether or not the suspect wants a lawyer, a rule requiring the immediate cessation of questioning "would transform the *Miranda* safeguards into wholly irrational obstacles to legitimate police investigative activity," *Michigan v. Mosley,* 423 U.S. 96, 102, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975), because it would needlessly prevent the police from questioning a suspect in the absence of counsel even if the suspect did not wish to have a lawyer present.

> ... Police officers would be forced to make difficult judgment calls about whether the suspect in fact wants a lawyer even though he has not said so, with the threat of suppression if they guess wrong. We therefore hold that, after a knowing and voluntary waiver of the *Miranda* rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney.

*Davis v. United States,* 512 U.S. 452, 459-462 (1994).

Contrary to petitioner's argument here, the record fails to reflect that petitioner requested counsel when speaking to police, or that his comment that he should get a lawyer and take the case to trial if there was a witness identifying constituted such a request. As required by 28 U.S.C. 636(b)(1)(B), this Court has conducted a *de novo* review of the *Report and Recommendation*. After review of petitioner's entire videotaped statements, the Court concludes that the state court findings do not warrant reversal in federal habeas corpus review. 28 U.S.C. 2254(d), (e); *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner was properly advised of his *Miranda* rights and voluntarily agreed to speak with the detectives. Petitioner at no time clearly indicated that he did not want to talk, or that he wanted an attorney. Further, nothing in the record indicates the use of coercive police tactics so as to render petitioner's statement(s) involuntary.

In view of the foregoing and for the reasons detailed in the Magistrate Judge's *Report and*

*Recommendation*, petitioner's objections are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action hereby is **DISMISSED.**

       **IT IS SO ORDERED**.

1 - 2 - 2008

EDMUND A. SARGUS, JR.
United States District Judge