IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Donovan E. Simpson, | : | |
| Petitioner | : | Civil Action 2:06-cv-00127 |
| v. | : | Judge Sargus |
| Warden, Warren Correctional Institution, | : | Magistrate Judge Abel |
| | : | |
| Respondent | : | |
| | : | |

## Order Denying Motion to Lift Stay

Petitioner Simpson's February 4, 2013 motion (doc. 60) to lift the stay entered April 6, 2011 (doc. 54) is denied.

On July 13, 2010, the Sixth Circuit issued a decision granting Simpson's petition for writ of habeas corpus as to his convictions for murder, aggravated murder, and attempted murder, but denying it as to his convictions for aggravated arson and felonious assault. *Simpson v. Jackson*, 615 F.3d 421 (6th Cir. 2010). The Court of Appeals, relying on *Mathis v. United States*, 391 U.S. 1 (1968), held that statements Simpson made to police officers while he was incarcerated in prison were inadmissible at trial because the officers failed to give him *Miranda* warnings before questioning him about an unrelated incident. 615 F.3d at 441. The Court of Appeals further held that police secured a third statement by improperly encouraging Simpson to waive his *Miranda*

1

rights. 615 F.3d at 438-39. Shortly after the *Simpson* decision, the Sixth Circuit, relying on *Simpson*, granted habeas relief to a Michigan prisoner for a similar *Miranda* violation. *Fields v. Howes*, 617 F.3d 813 (6th Cir. 2010). Both Ohio and Michigan filed petitions for writ of *certiorari*. The United States Supreme Court granted *certiorari* in *Howes* and reversed that decision. *Howes v. Fields*, 565 U.S. ___, 132 S. Ct. 1181 (2012). (Doc. 57). The *Simpson* case was remanded back to the Sixth Circuit for further consideration in light of *Howes*. Supplementary briefing was completed last July, but there has been no decision.

Petitioner advances no good reason to vacate the stay until after the Sixth Circuit issues its decision. One habeas corpus case cannot proceed on the merits in both the trial court and the court of appeals at the same time. The trial court must wait for the court of appeals to rule on the merits issues.

5-16-2013
Edmund A. Sargus, Jr.
United States District Judge