IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONOVAN SIMPSON,

    Petitioner,

v.

WANZA JACKSON,

    Respondent.

CASE NO. 2:06-CV-127
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## OPINION AND ORDER

This matter is before the Court on pursuant to remand from the United States Court of Appeals for the Sixth Circuit for consideration under *Howes v. Fields*, 132 S.Ct. 1181, 565 U.S. – (2012). The Magistrate Judge concluded that *Howes* does not alter the outcome of the decision of the United States Court of Appeals in this case, and on November 10, 2014, issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be granted as to Petitioner's convictions on aggravated murder, murder and attempted murder, and that these convictions be vacated subject to the State of Ohio commencing a re-trial within 90 days. The Magistrate Judge further recommended that the petition be denied in regard to Petitioner's convictions on aggravated arson and five counts of felonious assault, and that he be required to serve the remainder of his sentences on those charges. *Report and Recommendation*, ECF 86.

This matter now is before the Court on Petitioner's *Objections*, to the Magistrate Judge's *Report and Recommendation*, ECF 88, Respondent's *Response,* ECF 91, Petitioner's reply, ECF 92, and the exhibits of the parties. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objections,* ECF 88, are **OVERRULED.**

The *Report and Recommendation,* ECF 86, is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas corpus is **GRANTED** as to Petitioner's convictions on aggravated murder, murder and attempted murder, and these convictions hereby are **VACATED** subject to the State of Ohio commencing a re-trial within 90 days. The petition for a writ of habeas corpus is **DENIED** as to Petitioner's convictions on aggravated arson and five counts of felonious assault. Petitioner shall serve the remainder of his sentences on those charges.

Petitioner argues that the unconstitutional admission of his June 20, 2000 statements alone entitles him to the partial relief recommended by the Magistrate Judge. Petitioner again argues that Respondent has waived any harmless error argument in regard to these statements and the error cannot be deemed to be harmless. *Objections,* ECF 88, PageID# 4340-41. Petitioner complains that the Magistrate Judge improperly deferred or declined to address the issue, thereby placing Petitioner "in a worse position" in view of multiple errors of the state courts. PageID# 4350. Petitioner maintains that the decision of the United States Court of Appeals for the Sixth Circuit does not foreclose consideration of the issue. PageID# 4352. Petitioner does not otherwise object to the recommendations of the Magistrate Judge.

In response, Respondent does not raise any new arguments not already addressed by the Magistrate Judge. Respondent objects to the Magistrate Judge's conclusion that application of *Howes* did not affect the determination regarding the inadmissibility of Petitioner's April 2000 statements. *Response,* ECF 91. Petitioner asserts that this Court should reject Respondent's arguments. *Response,* ECF 92.

Pursuant to 28 U.S.C. 636(b), this Court has reviewed the entire record. This Court has considered at length the arguments raised by both the Respondent and the Petitioner. As noted by the Magistrate Judge, the decision of the United States Court of Appeals for the Sixth Circuit

rejected both Petitioner's contention that admission of his June 16 and June 20, 2000, statements alone warrants relief and Respondent's argument that improper admission of Petitioner's June 20, 2000, statement constitutes harmless error. *Report and Recommendation*, ECF 86, PageID# 4297. This Court is not persuaded that consideration of the issue is warranted in view of the limited nature of the remand of the Sixth Circuit Court of Appeals, directing further consideration of the case in view of *Howe*. (*Donovan Simpson v. Wanza Jackson, Warden and Michael Sheets, Warden,* No. 08-3224) (6th Cir. June 28, 2013), see ECF 65, which deals with the constitutionality of prisoner interrogations. For the reasons already well detailed in the Magistrate Judge's *Report and Recommendation,* this Court likewise concludes that application of *Howe* does not alter the Sixth Circuit's determination that all of Petitioner's statements, with the exception of his June 16, 2000, statement to police, were constitutionally inadmissible. Under these circumstances, the Court is not persuaded that the issue of the harmlessness of any error remains before the Court. For the reasons addressed in the Magistrate Judge's *Report and Recommendation*, this Court rejects any objections by the Respondent. Concomitantly, for the reasons addressed in the Magistrate Judge's *Report and Recommendation*, this Court also rejects Respondent's objections for the reasons detailed in the Magistrate Judge's *Report and Recommendation.*

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objections,* ECF 88, are **OVERRULED.** The *Report and Recommendation,* ECF 86, is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **GRANTED** as to Petitioner's convictions on aggravated murder, murder and attempted murder, and these convictions hereby are **VACATED** subject to the State of Ohio commencing a re-trial within 90 days. The petition for a writ of habeas corpus

is **DENIED** as to Petitioner's convictions on aggravated arson and five counts of felonious assault. Petitioner shall serve the remainder of his sentences on those charges.

    **IT IS SO ORDERED.**

<u>3-10-2015</u>
**DATE**

                                                  **EDMUND A. SARGUS, JR.**
                                                **Chief United States District Judge**