IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONOVAN SIMPSON,

    Petitioner,

v.

WANZA JACKSON,

    Respondent.

CASE NO. 2:06-CV-127
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## **OPINION AND ORDER**

On August 28, 2017, the Magistrate Judge issued an *Order* granting Petitioner's *Motion to Appoint Counsel.* (Doc. 126.) Respondent has filed an *Objection* to that *Order.* Respondent requests that the Court dismiss all currently pending motions in view of the *Notice of Compliance with Court Order* (Doc. 93) and *Mandate* (Doc. 104), indicating that the state court has vacated Petitioner's convictions on aggravated murder, murder, and attempted murder, thereby complying with the mandate affirming this Court's partial grant of habeas corpus relief. Respondent maintains that, under these circumstances, the Court no longer retains jurisdiction over the case.

Once a state court has complied with a federal court's grant of a conditional writ of habeas corpus by vacating the unconstitutional judgment, a District Court loses its jurisdiction over the case, and can no longer continue to issue orders in an attempt to enforce the prior conditional grant of the writ. *Gillispie v. Warden, London Correctional Institution*, 771 F.3d 323, 328-39 (6th Cir. 2014) (citing *Eddleman v. McKee*, 586 F.3d 409, 411 (6th Cir. 2009)). In other words, " '[o]nce the unconstitutional judgment is gone, so too is federal jurisdiction under

§ 2254.'" *Id.* (citing *Eddleman*, at 413). The United States Court of Appeals for the Sixth Circuit has explained:

> By its terms, § 2254 empowers the district court to achieve a single end: to terminate the petitioner's unconstitutional custody. A district court can achieve that end by granting an absolute writ, which itself vacates the unconstitutional judgment and orders the petitioner immediately released. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006). Or, as an "accommodation[ ]" to the state, the court can grant a conditional writ, which requires the state either to vacate the unconstitutional judgment or to replace it with a constitutional one (by retrying him) within a certain period of time. *Id.* at 369. But what the court cannot do is continue to enforce the terms of a conditional writ after the petitioner is no longer in custody pursuant to an unconstitutional judgment. *See, e.g., Eddleman*, 586 F.3d at 413; *Gall*, 603 F.3d at 353 ("The federal court retains jurisdiction to afford ... relief until the unconstitutional judgment is gone"); *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) ("Since *Fisher* was no longer being held pursuant to the constitutionally defective conviction ... the district court erred in ordering Fisher's release and barring retrial").

*Gillispie,* 771 F.3d at 329.

Therefore, as indicated in the prior *Order* denying Petitioner's *Motion Requesting Compliance with This Court As To The Granting Of The Writ of Habeas Corpus* (Doc. 118), this Court no longer retains jurisdiction over the grant of the conditional writ, as Petitioner no longer remains convicted on the unconstitutional convictions on aggravated murder, murder, and attempted murder, which convictions have since been vacated. However, and liberally construing Petitioner's current *Motion to Enforce Judgment* (Doc. 117), *see Haines v. Kerner*, 404 U.S. 519 (1972) (*pro se* complains are to be construed liberally in favor of the *pro se* party), Petitioner appears now to be challenging the trial court's December 6, 2016, *Judgment Entry*, re-sentencing him on his remaining convictions on five counts of felonious assault. (*See* Doc. 117-1.) Petitioner does not appear to have filed an appeal from his re-sentencing entry.

Moreover, this Court expresses no view as to whether Petitioner may now properly seek review of the trial court's December 6, 2016, re-sentencing entry in this Court, or whether he has done so by the filing of a *Motion to Enforce Judgment*. This Court agrees, however, that, in view of the unusual procedural history of the case, and the discontinuation of Petitioner's representation by his prior attorney, the interests of justice will best be served by granting Petitioner's request for the appointment of counsel (Doc. 125), at this time.

Therefore, Respondent's *Objection* (Doc. 127) is **OVERRULED**.

Petitioner's *Motion to Appoint Counsel* (Doc. 125) is **GRANTED.**

Petitioner's *Motion to Expedite* (Doc. 124) is **DENIED**, as moot.

Counsel shall be appointed to represent Petitioner in these proceedings.

Counsel for the Respondent and the Petitioner shall promptly contact the Magistrate Judge for the purpose of scheduling a status conference in the case.

**IT IS SO ORDERED**.

9-11-2017
EDMUND A. SARGUS, JR.
Chief United States District Judge