IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONOVAN SIMPSON,

    Petitioner,

v.

WANZA JACKSON,

    Respondent.

Case No. 2:06-cv-127
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## **OPINION AND ORDER**

This matter is before the Court on Petitioner's *Motion to Enforce Judgment and to Release From Custody* (ECF No. 117), Respondent's *Response in Opposition* (ECF No. 121), and Petitioner's *Reply* (ECF No. 123.) The Court appointed counsel on Petitioner's behalf, and the parties have filed supplemental briefing. (*See* ECF Nos. 140, 141.) For the reasons that follow, the *Motion to Enforce Judgment and to Release From Custody* (ECF No. 117) is **DENIED** and the Court **DECLINES** to issue a certificate of appealability.

On March 11, 2015, the Court conditionally granted the petition for a writ of habeas corpus, vacating Petitioner's convictions on aggravated murder, murder, and attempted murder, subject to the State of Ohio commencing a re-trial within ninety days, and denying the petition as it applied to Petitioner's convictions on aggravated arson and five counts of felonious assault. (ECF No. 104.) Respondent filed a *Notice of Appeal* (ECF No. 95), and the Court granted the request for a stay pending a decision on the appeal. (ECF No. 99.) On June 27, 2016, the *Mandate* issued affirming the judgment of this Court. (ECF No. 104.) Thereafter, on August 1, 2016, the Respondent filed a *Notice of Compliance with Court Order* (ECF No. 93), attaching a copy of an *Entry* dated July 28, 2016, from the Franklin County Court of Common Pleas

indicating that the state court had vacated Petitioner's convictions on aggravated murder, murder, and attempted murder. (ECF No, 105-1, PAGEID #4465.) On July 19, 2017, Petitioner filed the *Motion to Enforce Judgment and To Release From Custody* that is presently before the Court. (ECF No. 117.)[1] Petitioner maintains that his sentence should have expired on October 29, 2017. He asserts that the State of Ohio exceeded its authority by untimely re-sentencing him on his convictions on aggravated arson and felonious assault in lieu of commencing a re-trial within the ninety days prescribed by this Court. Petitioner has attached a *Judgment Entry* from the Franklin County Court of Common Pleas indicating that, on December 6, 2016, while represented by counsel, he withdrew his September 27, 2016 opposition to the State's Motion for Resentencing and his October 6, 2016 Motion to Bar Retrial; the trial court granted the State's request that a *nolle prosequi* be entered on his convictions on Counts One through Seven of the *Indictment* and re-sentenced Petitioner on his remaining convictions to an aggregate term of twenty-five (25) years. (ECF No. 117-1, PAGEID ##4498-99.)

Through counsel, Petitioner states that his re-sentencing resulted from a "de facto plea bargain" whereby he was pressured to agree to a twenty-five year sentence in order to avoid a re-trial on the charges of aggravated murder, murder and attempted murder, or the potential imposition of consecutive terms of incarceration, or forty-nine (49) years, based on the Ohio Supreme Court's subsequent decision in *State v. Williams*, 148 Ohio St.3d 403,403-04 (Ohio 2016) (stating that "when a sentencing court concludes that an offender has been found guilty of two or more offenses that are allied offenses of similar import. . . . it should permit the state to select which allied offense to proceed on for sentencing purposes."). *Petitioner's Supplemental Briefing Regarding Status* (ECF No. 140, PAGEID #4573.) Petitioner argues that the trial

---

[1] On July 20, 2017, the Court denied petitioner's prior motion requesting compliance. *Order* (ECF No. 118.)

2

court's *Judgment Entry* of re-sentencing cannot stand, because the trial court waited until December 6, 2016, to grant the State's request for a dismissal of the charges on aggravated murder, murder, and attempted murder, and re-impose sentence, thereby violating this Court's *Opinion and Order* conditionally granting the petition for a writ of habeas corpus and requiring that the State of Ohio commence a re-trial within ninety days, or by September 25, 2016 (ninety days from the Sixth Circuit's June 27, 2016, *Mandate*). (ECF No. 140, PAGEID ##4571-72.) Thus, Petitioner argues, the State failed to comply with the *Mandate* of the United States Court of Appeals affirming this Court's *Opinion and Order* conditionally granting the petition for a writ of habeas corpus. Under these circumstances, Petitioner contends that the Court maintains its jurisdiction and seeks immediate release.

This Court is not persuaded by Petitioner's argument. Petitioner cannot dispute that, as of July 28, 2016, and within one month of the Sixth Circuit's June 27, 2016 *Mandate* affirming this Court's *Opinion and Order* conditionally granting the petition for a writ of habeas corpus, the state trial court complied with that *Opinion and Order* by vacating Petitioner's convictions on aggravated murder, murder, and attempted murder. *Entry* (ECF No. 105-1, PAGEID #4465.) At that time, this Court's jurisdiction came to an end. *Gillespie v. Warden, London Correctional Institution,* 771 F.3d 323, 328 (6th Cir. 2014).

> By its terms, § 2254 empowers the district court to achieve a single end: to terminate the petitioner's unconstitutional custody. A district court can achieve that end by granting an absolute writ, which itself vacates the unconstitutional judgment and orders the petitioner immediately released. *Satterlee v. Wolfenbarger,* 453 F.3d 362, 370 (6th Cir.2006). Or, as an "accommodation[ ]" to the state, the court can grant a conditional writ, which requires the state either to vacate the unconstitutional judgment or to replace it with a constitutional one (by retrying him) within a certain period of time. *Id.* at 369. But what the court cannot do is continue to enforce the terms of a conditional writ after the petitioner is no longer in custody pursuant to an unconstitutional judgment. *See,*

3

> *e.g., Eddleman [v. McKee]*, 586 F.3d [409, ] 413 [(6th Cir.2009)]; *Gall [v. Scroggy]*, 603 F.3d [346, ] 353 [(6th Cir.)] ("The federal court retains jurisdiction to afford . . . relief until the unconstitutional judgment is gone")[, *cert. denied*, 562 U.S. 1082 (2010)]; *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir.1985) ("Since *Fisher* was no longer being held pursuant to the constitutionally defective conviction ... the district court erred in ordering Fisher's release and barring retrial").

*Id.* at 329. Moreover, "[i]n a typical case in which a prisoner is released because a state fails to retry the prisoner by the deadline set in a conditional writ, 'the state is not precluded from rearresting petitioner and retrying him under the same indictment.'" *Girts v. Yani*, 600 F.3d 576, 582-83 (6th Cir. 2009) (citing *Satterlee*, 453 F.3d at 370), *cert. denied*, 562 U.S. 891 (2010). Only in "extraordinary circumstances," such as where "'the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial,'" may a federal habeas court bar the re-prosecution of the petitioner. *Id.* (quoting *Satterlee*, 453 F.3d at 370). Extraordinary circumstances are not present here.

The docket of the Franklin County Clerk indicates that, on July 28, 2016, the trial court recognized that Petitioner's convictions on aggravated murder, murder, and attempted murder had been vacated and scheduled the case for an August 11, 2016 status conference. The Office of the Ohio Public Defender requested a continuance for the appointment of death penalty certified attorneys. The trial court granted the request and re-scheduled the case for a hearing on September 27, 2016. Upon the agreement of the parties, the trial court continued the case to November 10, 2016, at which time the case again was continued for the submission of supplemental briefing by the parties on the sentencing ramifications of the Ohio Supreme Court's decision in *Williams*, which had been issued on that same date. On February 13, 2017, a jury trial was scheduled to commence. The trial court granted defense counsel's request for a

continuance until December 30, 2016, for the filing of a supplemental memorandum. On December 6, 2016, the trial court issued the *Judgment Entry* previously discussed, granting the State's request for a *nolle prosequi* on Counts One through Seven of the *Indictment* and re-sentencing Petitioner to an aggregate term of twenty-five (25) years on his remaining convictions.

Thus, any delay in the commencement of a re-trial appears to have been at the request or with the agreement of Petitioner's appointed counsel. Petitioner's re-trial was continued at the request or with the agreement of defense counsel, and Petitioner ultimately agreed to be re-sentenced rather than face the prospect of a second trial.[2] Moreover, as previously discussed, once a state court has complied with a federal court's grant of a conditional writ of habeas corpus, a district court loses its jurisdiction over the case and can no longer continue to issue orders in an attempt to enforce the prior conditional grant of the writ. *Gillespie*, 771 F.3d at 328 (citing *Eddleman*, 586 F.3d at 411). "Once the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254." *Id.* (citing *Eddleman*, 586 F.3d at 413). To the extent that Petitioner seeks to challenge the trial court's re-sentencing entry as unconstitutionally imposed, he must file a new § 2254 petition, upon the exhaustion of his remedies in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A).

Petitioner's *Motion to Enforce Judgment and to Release From Custody* (ECF No. 117), is therefore **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal

---

[2] The transcript of re-sentencing proceedings has not been made a part of the record before this Court.

court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed the *Motion to Enforce Judgment and to Release From Custody* for lack of jurisdiction. Therefore, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

3-6-2018
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE