**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DONOVAN E. SIMPSON,**

                                    Civil No.  2:06-CV-127

     **Petitioner,**                  **JUDGE EDMUND A. SARGUS, JR.**

                                      **Magistrate Judge Chelsey M. Vascura**

     **v.**

**WARDEN, WARREN CORRECTIONAL
INSTITUTION,**

     **Respondent.**

## OPINION AND ORDER

This matter is before the Court for consideration of Petitioner's motion asking the Court to enforce its March 11, 2015, Order conditionally granting, in part, his petition for habeas relief under 28 U.S.C. § 2254.  (Doc. 147.)  Respondent opposes the motion.  (Doc. 148.)  For the following reasons, Petitioner's motion is **DENIED**.

### Discussion and Analysis

Petitioner previously filed motions seeking the relief sought here (Doc. 113, 117), and the Court determined that such relief was unwarranted (Doc. 118, 142).

On March 11, 2015, this Court issued an Order conditionally granting Petitioner's petition for habeas relief as to his convictions in the Franklin County Court of Common Pleas for aggravated murder, murder, and attempted murder because they had been obtained in violation of Petitioner's constitutional rights.  (Doc. 93, 94.)  That conditional grant required the state to vacate those convictions "subject to the State of Ohio commencing a re-trial within 90 days."  (Doc. 93.)  The matter was stayed, however, pending an appeal in the United States Court of

Appeals for the Sixth Circuit, which issued a mandate on June 27, 2016, affirming the March 11, 2015, Order. (Doc. 99, 103, 104.) Accordingly, the state had 90 days from June 27, 2016, or until September 26, 2016,[1] to comply with the March 11, 2015, Order.

The state timely complied. Indeed, the record reflects that on July 28, 2016, which was well before the compliance deadline, the Franklin County Court of Common Pleas vacated Petitioner's unconstitutional convictions for aggravated murder, murder, and attempted murder. (Doc. 105–1.) At that time, and as this Court has already determined (Doc. 118, 142), this Court's jurisdiction terminated because Petitioner was no longer in custody because of an unconstitutional conviction. *Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009) (explaining that "once the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254.")

Petitioner contends, however, that the state failed to fully comply with this Court's March 11, 2015, Order. (Doc. 147, PageID # 4598.) Specifically, Petitioner asserts that the state could only fully comply with that Order if the state also commenced a new trial or entered *nolle prosequi* for counts one through seven of the indictment in his state criminal case by September 26, 2016. (*Id.*) The state, however, did not enter *nolle prosequi* for those counts until December 6, 2016. (*Id.*, PageID # 4599.) Accordingly, Petitioner reasons, the state failed to fully comply, and thus, this Court maintains jurisdiction over this matter "at least to the extent necessary to ensure that the State of Ohio complied with the conditional writ." (*Id.* at PageID # 4601.)

Petitioner is mistaken. He filed his habeas petition under § 2254. (Doc. 1.) That statute empowers this Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to *a judgment* of a State court only on the ground that he is in custody in

---

[1] Because the 90-day deadline fell on Sunday, September 25, 2016, the deadline did not expire until the next business day, Monday, September 26, 2016.

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a)

(emphasis added).  "For federal habeas jurisdiction to exist under § 2254, therefore, a state

prisoner must be held pursuant to a *judgment*—rather than, say, an indictment or criminal

information." *Eddleman,* 586 F.3d at 413.  Therefore, even if counts one through seven of the

indictment were operative after the September 26, 2016, compliance deadline, and even if he was

in custody because of them after that, this Court no longer possessed habeas jurisdiction.

   In any event, Petitioner was not in custody after the September 26, 2016, compliance

deadline because of counts one through seven of the indictment.  Instead, he remained in custody

after his unconstitutional convictions were vacated July 28, 2016, because of his other

convictions— for aggravated arson and five counts of felonious assault— none of which were

found to be unconstitutional.  (Doc. 93.)

   Petitioner was resentenced by the state trial court for those other convictions on

December 6, 2016.  He appears to challenge that resentencing.  (Doc. 147, PageID # 4600–01.)

The Court expresses no opinion as to whether Petitioner can successfully make such a challenge.

Nevertheless, and as this Court previously explained, if Petitioner wishes to challenge the state

trial court's December 6, 2016, resentencing entry, he must follow the proper procedures— he

must first exhaust his state court remedies and then file a new § 2254 petition attacking that state

court judgment.  He cannot bootstrap a new habeas challenge onto this habeas petition.

Accordingly, Petitioner's motion (Doc. 147) is **DENIED**.

### Certificate of Appealability ("COA")

   Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States

District Courts, the Court must consider whether to issue a COA.  A state prisoner who seeks a

writ of habeas corpus in federal court does not have an automatic right to appeal a district court's

3

adverse decision unless the court issues a COA.  28 U.S.C. § 2253(c)(1)(A).  When a claim has

been denied on the merits, a COA may be issued only if the petitioner "has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a

showing, a petitioner must show "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*,

529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a

claim has been denied on procedural grounds, a COA may be issued if the petitioner establishes

that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.  *Id.*

The Court **DECLINES** to issue a COA.  The Court is not persuaded that reasonable

jurists could debate that this the state complied with this Court's March 11, 2015, Order on July

28, 2016, and that this Court's jurisdiction terminated at that time.

The Court also **CERTIFIES** that an appeal would not be in good faith and that any

application to proceed in forma pauperis on appeal would be **DENIED**.

**IT IS SO ORDERED.**

Date: <u>5/9/2022</u>                          s/Edmund A. Sargus, Jr.
                                              EDMUND A. SARGUS, JR.
                                              UNITED STATES DISTRICT COURT JUDGE